**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Virginia Perez, Rosemary Kelly Allcca, Marisol Abril, Maria Ruiz, Germania Hilario, Sandra Capellan, Eladia Rodriguez, Carlos Gonzalez Arias, Justino Hoges Zapata, Juan Antonio Ibarra Villalobos, Cristobal Trujillo, Henry Sanchez Familia, Ramon Piña Perez,<br><br>Plaintiffs,<br><br>v.<br><br>Schulte Hospitality Group, Inc., Hampton Inns Employer, LLC, Hampton Inns Management, LLC, Hampton by Hilton, Hilton Worldwide Holdings, Inc., Hilton Franchise Holding, LLC, IHP Elmsford (NY) Owner, LLC, KRE HIP Tarrytown Owner, LLC, Darryl Schulte, Kelly Wilken, Terron Jones, and Brandii Barbour in their official and individual capacities,<br><br>Defendants. | Case No.: 7:24-cv-05190 |

**DEFENDANTS HAMPTON INNS EMPLOYER, LLC, HAMPTON INNS MANAGEMENT, LLC, HAMPTON BY HILTON, HILTON WORLDWIDE HOLDINGS, INC., AND HILTON FRANCHISE HOLDING, LLC'S NOTICE OF REMOVAL**

Defendants Hampton Inns Employer, LLC, Hampton Inns Management, LLC, Hampton by Hilton, Hilton Worldwide Holdings, Inc., and Hilton Franchise Holding, LLC ("Hilton Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully give notice of the removal of this action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, the Hilton Defendants state as follows:

## I. INTRODUCTION

1. On June 12, 2024, Plaintiffs Virginia Perez, Rosemary Kelly Allcca, Marisol Abril, Maria Ruiz, Germania Hilario, Sandra Capellan, Eladia Rodriguez, Carlos Gonzalez Arias, Justino

Hoges Zapata, Juan Antonio Ibarra Villalobos, Cristobal Trujillo, Henry Sanchez Familia, and Ramon Piña Perez ("Plaintiffs") filed their Complaint naming the Hilton Defendants as defendants in the Supreme Court of the State of New York, County of Westchester, index number 63950/2024 (the "State Court Action"). Service was effectuated on Defendants Hilton Worldwide Holdings, Inc. and Hilton Franchise Holding, LLC on June 18, 2024. Defendants Hampton Inns Employer, LLC, Hampton Inns Management, LLC, and Hampton by Hilton have not yet been served. Hampton by Hilton is not a legal entity, and thus not a proper defendant in the litigation.

2. Removal is being effectuated within 30 days of the receipt of the Complaint, pursuant to 28 U.S.C. § 1446(b).

3. Copies of all process, pleadings, orders, and other papers on file in the State Court Action are attached as follows:

- The Complaint and other documents filed with the State Court are attached as **Exhibit A**;
- All executed process in this case is attached as **Exhibit B**;
- The docket sheet for the State Court Action is attached as **Exhibit C**; and
- A list of all counsel of record presently known to the Hilton Defendants and their undersigned counsel, including addresses, telephone numbers, and parties represented, is attached as **Exhibit D**.

4. The Complaint purports to assert a claim under the Trafficking Victims Protection Reauthorization Act, a federal statute.

5. As set out below, removal of the State Court Action is proper because it is a civil action that arises from a federal statute and, therefore, is subject to the Court's original jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a).

## II. <u>BASIS FOR REMOVAL</u>

6. This case is removable pursuant to 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. Count VI of the Complaint purports to assert a claim under the Trafficking Victims Protection Reauthorization Act. *See* Complaint at ¶¶ 144–150. That statute provides a federal cause of action that may be brought "in the appropriate district court of the United States." 18 U.S.C. § 1595(a).

8. Because Plaintiffs' Complaint purports to assert a claim arising under the laws of the United States, this action is within the original jurisdiction of this Court under 28 U.S.C. § 1331. As such, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

9. The Court also has supplemental jurisdiction over Plaintiffs' other claims in Counts I, II, III, IV, and V because they are so related to the claims in Count VI such that they form a part of the same case or controversy under Article III of the United States Constitution. *See Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 594 n.9 (S.D.N.Y. 2020) (internal citations omitted) ("[F]ederal courts with federal question jurisdiction over at least one plaintiff can exercise supplemental jurisdiction over plaintiffs who cannot present a federal question, but who can assert sufficiently related state law claims."). Accordingly, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' other claims as alleged in Counts I, II, III, IV, and V.

## III. PROCEDURAL REQUIREMENTS

10. Service was effectuated on Defendants Hilton Worldwide Holdings, Inc. and Hilton Franchise Holding, LLC on June 18, 2024. Defendants Hampton Inns Employer, LLC, Hampton Inns Management, LLC, and Hampton by Hilton have not yet been served. As such, removal is timely pursuant to 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. § 1446(a), correct copies of all process and documents filed in the State Court Action are attached as set out above as **Exhibits A–D**.

12. The Hilton Defendants will have a copy of this Notice of Removal filed with the Supreme Court of the State of New York, County of Westchester, and provide written notice to

Plaintiffs, as provided by 28 U.S.C. § 1446(d). A copy of the Notice is attached hereto as **Exhibit E**.

13. Consent to removal is required for all properly served defendants. *See Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, 2015 WL 1730067, at *3 (S.D.N.Y. Apr. 14, 2015) ("[C]ourts in the Second Circuit have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'").

14. In accordance with 28 U.S.C. § 1446(b)(2)(A), the following named Defendants have consented to removal: Defendants Schulte Hospitality Group, Inc., KRE HIP Tarrytown Owner, LLC, Darryl Schulte, Kelly Wilken, Brandii Barbour, and Terron Jones.

15. A consent to removal executed by counsel for Defendants Schulte Hospitality Group, Inc., KRE HIP Tarrytown Owner, LLC, Darryl Schulte, and Kelly Wilken is attached hereto as **Exhibit F**.

16. A consent to removal executed by counsel for Defendant Brandii Barbour is attached hereto as **Exhibit G**.

17. Upon information and belief, after investigation, Defendant Terron Jones has not been served as of the date of this Notice. Though Defendant Terron Jones need not be joined to this Notice,[1] he has consented to removal. A consent to removal executed by counsel for Defendant Terron Jones is attached hereto as **Exhibit H**.

18. In accordance with 28 U.S.C. § 1448, after removal, any future defendants to be served shall be served "in the same manner as in cases originally filed in such district court."

19. Venue is proper in the Southern District of New York, as the state court in which this action is pending is within the jurisdictional confines of the Southern District of New York. *See* 28 U.S.C. § 1446(a).

---

[1] *See Metro. Transp. Auth.*, 2015 WL 1730067, at *4 ("There are three recognized exceptions to the rule of unanimity . . . (1) [a defendant] has not been served with service of process at the time the removal petition is filed.").

20. In removing this action, Defendants specifically reserve all rights and all defenses including, without limitation, all defenses specified in Federal Rule of Civil Procedure 12(b).

21. Simultaneously with the filing of this Notice of Removal, the Hilton Defendants file their Disclosure Statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

WHEREFORE, Defendants Hampton Inns Employer, LLC, Hampton Inns Management, LLC, Hampton by Hilton, Hilton Worldwide Holdings, Inc., and Hilton Franchise Holding, LLC respectfully give notice of the removal of this action from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York and respectfully request that this Court assume jurisdiction over this action.

Dated: July 9, 2024
New York, New York

Respectfully submitted,

*/s/ Kristina A. Yost*

Kristina A. Yost
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone: (212) 326-3939
Fax: (212) 755-7306
Email: kyost@jonesday.com

*Attorney for Defendants Hampton Inns Employer, LLC, Hampton Inns Management, LLC, Hampton by Hilton, Hilton Worldwide Holdings, Inc., and Hilton Franchise Holding, LLC*

**CERTIFICATE OF SERVICE**

I, Kristina A. Yost, certify that on July 9, 2024 I caused the foregoing Notice of Removal to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system and/or First-Class United States Mail.

*/s/ Kristina A. Yost*
Kristina A. Yost